```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

```
JOHN E. TAYLOR, #0071984,       :

    Plaintiff,                  :

vs.                             :   CIVIL ACTION 15-00448-WS-B

SHERIFF SAM COCHRAN,            :

    Defendant.                  :
```

## REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint. (Doc. 1).**

Plaintiff Taylor names Sheriff Sam Cochran as the sole Defendant in this action. (Doc. 1 at 1(D), 4). The complaint contains the following pertinent allegations. Taylor maintains inmates "are being served unrecognizable meat products." (Id. at 1). And "due to his religious beliefs," he sent a request on August 21, 2015 "to the dietician asking for a description of

the meat. . . being served."[1]  (Id. at 3, 7).  He received a written response the same day informing him that the "[m]eat can consist of beef, veal, lamb, choice USDA ground beef, utility grade or better; we do not serve pork products of any kind." (Id. at 7).  Armed with this information, on August 28, 2015, Taylor inquired of the kitchen about the actual part of the animal from which the meat comes, e.g., muscle tissue or organ, or both, and if there was documentation on file to verify that it was fit for human consumption and to indicate the nutritional value per serving (which, he maintains, is required by law and needed for his records).  (Id. & at 3).  On that same day, he filed a grievance to find out why he had not received an "answer from the kitchen on the material [he] requested." (Id.).  The reply from the kitchen advised, "We will not provide this information.  We are held to [the] strictest standards for the food we provide inmates.  It is all U.S.D.A. inspected and approved.  The dietician has authorized it[.]  The County has accepted it.  Case closed." (Id.).

Plaintiff's singular allegation directed to Defendant Cochran is: "Inadequate nutritional information provided." (Id. at 4).  And, for relief, Taylor seeks "the full ingredient description and schedule of nutritional values of the meat and

---

[1] This phrase is the only reference to religion.

2

meat products [inmates] are served," to be "served a balanced diet that is fit for human consumption,"[2] and to receive "financial compensation due to u[n]necessary distress." (Id. at 6).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Taylor is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must

---

[2] No specific allegations are present showing that Taylor's diet is not balanced or the food is not fit for human consumption.

[3] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct.

1937).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

The sole Defendant in this action is Sheriff Cochran, who by statute is responsible for operating the jail.  Ala. Code § 14-6-1 (1975). Taylor's allegations do not reflect that Defendant Cochran was personally involved in his claims or that a custom or policy of Defendant Cochran's was involved.  Rather, it appears that Taylor is attempting to hold Defendant Cochran liable for the kitchen's or dietician's refusal to provide him "adequate nutritional information."  (Id. at 4).

In a § 1983 action, liability against a supervisor cannot based on a subordinate's or an employee's actions.  See Monell v. Department of Social Servs., 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (ruling the city could not be held liable either vicariously or under the theory of respondeat superior for the acts of an employee in a § 1983 action); Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding

5

supervisory officials are not liable on the basis of respondeat superior or vicarious liability for the acts of a subordinate in a § 1983 action). In order to hold a supervisor liable under 42 U.S.C. § 1983, "a plaintiff must allege that the supervisor personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013)(citation omitted). Depending on the type of case, the causal connection may be provided through the supervisor's custom or policy, notice, order, or knowledge that the subordinate would act unlawfully, but he failed to stop the subordinate. Cottone, 326 F.3d at 1360; see Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (to state a § 1983 claim a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights must be established). That is, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 129 S.Ct. at 1948. Thus, "[t]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360-

61 (internal quotation marks and citation omitted).

Taylor quotes the kitchen's response to his request, which indicates the "kitchen" refused to give him nutritional information.  (Doc. 1 at 7).  But, on the other hand, he describes his claim against Defendant Cochran as "[i]nadequate nutritional information provided."  (Id. at 4).  These inconsistent allegations describing who refused to give him the nutritional information indicates to the Court that Taylor is attempting to hold Defendant Cochran liable for the kitchen's response that was sent to Taylor.  No other allegations in the Complaint involve Defendant Cochran nor is there any allegation that suggests that that Defendant Cochran is personally involved with the daily operations of the kitchen.  Thus, Taylor is seeking to hold Defendant Cochran liable for the actions of an unnamed employee in the jail's kitchen.  A claim that seeks to hold Defendant Cochran liable for a subordinate's actions lacks an arguable basis in law and is, therefore, frivolous.  Cotton v. Burgess, 188 F. App'x 964, 965 (11th Cir. 2006)(unpublished) (dismissed the claim against the chief of police as frivolous because the claim was derivative of the claim against officers);[4] Chappel v. Montgomery Cnty. Courtroom, No. 2:13cv-811-WHA, 2014

---

[4]   "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

WL 105021, at *3 (M.D. Ala. 2014) (unpublished) (dismissed as frivolous the claim against the county because the claim was based on respondeat superior); Wilson v. Riley, No. CIV.A. 304CV1207TWO, 2005 WL 1126783, at *1 (M.D. Ala. 2005) (unpublished) (dismissed with prejudice the claims against the governor as frivolous because they were based on respondeat superior).

In addition, a straightforward claim based on Taylor's failure to receive nutritional information, or adequate nutritional information, does not rise to a level of a violation of a constitutional right.  "The Constitution requires that prisoners be provided 'reasonably adequate food.'"  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.), cert. denied, 475 U.S. 1096 (1986) (citation and quotation marks omitted).  A well-balanced meal of sufficient nutritional value to preserve health satisfies this requirement.  Id.  "The fact that food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."  Id. (citation and quotation marks omitted).

Prisoners are only guaranteed that they will be provided with the "minimal civilized level of life's basic necessities." under the Eighth Amendment.  Hernandez v. Florida Dep't of Corr., 281 F. App'x 862, 865 (11th Cir. 2008) (unpublished),

8

cert. denied, 555 U.S. 1184 (2009). Only the extreme condition that "poses an unreasonable risk of serious damage to the prisoners future health or safety" violates the Eighth Amendment. Id. Clearly, the underlying claim - the failure to provide nutritional information - does not violate the Constitution, as the failure to receive the nutritional information does not pose an unreasonable risk of serious damage to Taylor's health. See Zatler, 802 F.2d at 401 (a § 1983 claim requires a constitutional deprivation).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **16th** day of **December, 2015.**

                                       /s/ SONJA F. BIVINS
                                   **UNITED STATES MAGISTRATE JUDGE**